FILED

2008 Sep-18 PM 02:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

DONALD NEWMAN, and )
CORDELIA NEWMAN, )
                                )
       Plaintiffs, )
                                )
v. )
                                )    Civil Action No.: _____
AFNI, INC., a foreign corporation, ARROW )      JURY TRIAL DEMANDED
FINANCIAL SERVICES, LLC, a foreign limited )
liability company, GMAC BANK, a foreign )
company, EQUIFAX INFORMATION )
SERVICES, LLC, a foreign limited liability )
company, TRANSUNION, LLC, a foreign )
limited liability company, and EXPERIAN )
INFORMATION SOLUTIONS, INC., a foreign )
corporation, )
                                )
       Defendants. )

## COMPLAINT

COME NOW Plaintiffs, by and through the undersigned attorney, and would show unto this Court as follows:

## PRELIMINARY STATEMENT

1. This petition is an action for statutory and actual damages, including injunctive and declaratory relief, brought by individual consumers (hereinafter referred to as "Plaintiffs") against Defendants, jointly and severally, for violations of both the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* (hereinafter referred to as "FDCPA"), and the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter referred to as "FCRA").

2. In addition, this petition seeks actual, compensatory, statutory, and/or punitive damages

under Alabama state law and the Alabama Deceptive Trade Practices Act, Ala. Code 1975 § 8-19-1, *et seq.* (hereinafter referred to as "ADTPA"), pursuant to this Court's pendent and supplemental jurisdiction.

## JURISDICTION AND VENUE

3.      Jurisdiction of this Court arises under the FDCPA, 15 U.S.C. § 1692k(d), the FCRA, 15 U.S.C. § 1681p, 28 U.S.C. § 1331, and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Defendants' violations of Plaintiffs' rights, as alleged herein, occurred in St. Clair County, Alabama, and were committed within the Middle of the Northern District of Alabama.

## PARTIES

4.      Plaintiff DONALD NEWMAN (hereinafter referred to as "DONALD" or "Plaintiff") is a natural person and a resident and citizen of Jefferson County, the State of Alabama, and of the United States. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Ala. Code 1975 § 8-19-3(2).

5.      Plaintiff CORDELIA NEWMAN (hereinafter referred to as "CORDELIA" or "Plaintiff") is a natural person and a resident and citizen of Jefferson County, the State of Alabama, and of the United States. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Ala. Code 1975 § 8-19-3(2).

6.      Defendant AFNI, INC. (hereinafter referred to as "AFNI" or "Defendant") is a foreign corporation engaged as "debt collectors" as defined by and within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and as a "person" defined under Ala. Code 1975 § 8-19-

3(5), engaged in the business of collecting debts in this State where AFNI regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of debts using the mails and telephone.

7.    Defendant ARROW FINANCIAL SERVICES, LLC (hereinafter referred to as "ARROW" or "Defendant") is a foreign corporation engaged as "debt collectors" as defined by and within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and as a "person" defined under Ala. Code 1975 § 8-19-3(5), engaged in the business of collecting debts in this State where ARROW regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of debts using the mails and telephone.

8.    Defendant GMAC BANK (hereinafter referred to as "GMAC" or "Defendant") is a foreign company, a better denomination of which is unknown to Plaintiffs at the present time, engaged in the business of furnishing consumers with credit in the State of Alabama.

9.    Defendant TRANSUNION, LLC (hereinafter referred to as "TRANSUNION" or "Defendant") is a foreign corporation licensed to do business within the State of Alabama.  TRANSUNION is a consumer reporting agency, as defined in section 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

10.   Defendant EQUIFAX INFORMATION SERVICES, LLC (hereinafter referred to as "EQUIFAX" or "Defendant") is a foreign corporation licensed to do business within the

State of Alabama. EQUIFAX is a consumer reporting agency, as defined in section

1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and

dispersing information concerning consumers for the purpose of furnishing consumer

reports, as defined in section 1681a(d) of the FCRA, to third parties.

11.    Defendant EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter referred to as

"EXPERIAN" or "Defendant") is a foreign corporation licensed to do business within the

State of Alabama. EXPERIAN is a consumer reporting agency, as defined in section

1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and

dispersing information concerning consumers for the purpose of furnishing consumer

reports, as defined in section 1681a(d) of the FCRA, to third parties.

## FACTUAL ALLEGATIONS

12.    Plaintiffs restate and reiterate herein all previous paragraphs.

13.    Plaintiffs filed bankruptcy and were discharged on January 24, 2006 with all Defendants

receiving a copy of the discharge order. The case number is 05-11370-BGC7 and it was

filed in the Northern District of the Alabama Bankruptcy Court.

14.    Despite their receipt of the aforementioned court order, Defendants AFNI, ARROW, and

GMAC continue to report Plaintiffs' accounts to one or more of the three national

consumer reporting agencies (hereinafter referred to as "CRAs") as having current

balances due and payable rather than reflecting that such were discharged in bankruptcy.

More specifically:

a)     Defendant AFNI shows a balance of $237 on CORDELIA's EQUIFAX credit

       report;

b)      Defendant ARROW shows a balance of $533 on CORDELIA's TRANSUNION

credit report;

c)      Defendant GMAC shows a balance of $2,073 on CORDELIA's EXPERIAN

credit report; and

d)      Defendant GMAC shows balances of $2,073, $2,851, $3,151 and $7,645 on

DONALD's EQUIFAX, EXPERIAN and TRANSUNION credit reports.

15.    Defendants AFNI, ARROW, and GMAC have intentionally and maliciously failed and/or

refused to either accurately report the accounts as having been discharged in bankruptcy

or notify the CRAs that such accounts have a zero balance as a result of being discharged

in bankruptcy.

16.    Plaintiffs' credit reports, credit worthiness, and credit scores have been negatively

impacted by the inaccurate reporting of Defendants AFNI, ARROW, and GMAC.

17.    Defendants AFNI, ARROW, and GMAC have proximately caused Plaintiffs past and

future monetary loss, past and future damage to Plaintiffs' credit and credit worthiness,

past and future mental distress and emotional anguish, and other damages that will be

presented to the jury.

18.    Defendants AFNI, ARROW, and GMAC knew and know that a discharge order means

Plaintiffs no longer owe the debts and have no personal liability to Defendants.  However,

Defendants AFNI, ARROW, and GMAC have made a corporate decision to willfully and

maliciously act contrary to their knowledge in a calculated decision to violate the

requirements to properly update Plaintiffs' account.

19.    Defendants AFNI, ARROW, and GMAC have a policy and procedure to refuse to

properly update credit reports of consumers, such as Plaintiffs, who have discharged their debts. The reason is to keep false information on their credit reports. The false information consists of a balance shown as owed absent any reference to the debt being discharged in Bankruptcy.

20. Defendants AFNI, ARROW, and GMAC update numerous accounts each month with allegedly the correct information regarding the balances but have willfully and maliciously refused to do so with Plaintiffs and other consumers who are similarly situated.

21. Defendants AFNI, ARROW, and GMAC have willfully and maliciously failed to report Plaintiffs' accounts as having a "0" balance as required by 16 CFR § 607(6) which states, "a consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt."

22. Defendants AFNI, ARROW, and GMAC have promised, through their subscriber agreements or contracts with the CRAs, to update accounts that have been discharged in bankruptcy but they have willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, ADTPA, federal law and state law which has resulted in this information remaining on Plaintiffs' credit reports.

23. Defendants AFNI, ARROW, and GMAC have a policy to "park" their accounts on at least one of the Plaintiffs' credit reports. This industry-specific term refers to keeping a false balance (or false account) on the credit report so that the consumer will be forced to

pay off the balance in order to obtain refinancing, qualify for a loan, or increase the

consumer's credit score from the artificially lowered score which directly resulted from

the Defendant's intentional and malicious conduct.

24.     In order to provide background information on the practices of the credit industry related

to the purchasing and collection of discharged debt (including collection by leaving false

balances on credit reports otherwise known as "parking"), Plaintiffs refer this Honorable

Court to the November 12, 2007, article "Prisoners of Debt" in Business Week.  This

article may be located at

http://www.businessweek.com/magazine/content/07_46/b4058001.htm.

25.     In the context of parking an account, Defendants AFNI, ARROW, and GMAC have an

obligation and duty under federal and state law to accurately report the balance and they

willfully and maliciously refuse to do so.

26.     Defendants AFNI, ARROW, and GMAC have agreed to and understand they must follow

the requirements of the FCRA including:

a)      15 U.S.C. § 1681(a)(1)(a) which states, "[a] person shall not furnish any

information relating to a consumer to any consumer reporting agency if the person

knows or has reasonable cause to believe that the information is inaccurate."

b)      15 U.S.C. § 1681(a)(1)(B) which states, "[a] person shall not furnish information

relating to a consumer to any consumer reporting agency if -

(i)      the person has been notified by the consumer[1], at the address specified by

---

[1] The notice here comes from the federal bankruptcy court relating directly to the consumer.

the person for such notices, that specific information is inaccurate; and

(ii)    the information is, in fact, inaccurate."

c)    15 U.S.C. § 1681(a)(2) which states, "[a] person who -

(A)    regularly and in the ordinary course of business furnishes information to

one or more consumer reporting agencies about the person's transactions

or experiences with any consumer; and

(B)    has furnished to a consumer reporting agency information that the person

determines is not complete or accurate,

shall promptly notify the consumer reporting agency of that determination and

provide to the agency any corrections to that information, or any additional

information, that is necessary to make the information provided by the person to

the agency complete and accurate, and shall not thereafter furnish to the agency

any of the information that remains not complete or accurate."

27.    Defendants AFNI, ARROW, and GMAC know that parking a balance will lead to the

publication of false and defamatory information every time Plaintiffs' credit reports are

accessed. However, Defendants AFNI, ARROW, and GMAC intentionally and

maliciously intend to force Plaintiffs, and others similarly situated, to pay on an account

that has been disharged.

28.    Plaintiffs' credit reports have been accessed since the discharge and therefore the false

information of Defendants AFNI, ARROW, and GMAC has been published to third

parties.

29.    When the consumer pays the "parked" account, Defendants AFNI, ARROW, and GMAC

claim that such payment was merely "voluntarily" or to pay off a "moral obligation." Defendants know and intend that, by willfully and maliciously parking the account on the credit report, an illegal payment can be extorted from the consumer.

30. Despite receiving disputes regarding their false reporting, Defendants AFNI, ARROW, and GMAC have intentionally and knowingly maintained their policies of keeping false and damaging information on at least one of Plaintiffs' credit reports.

31. Defendants AFNI, ARROW, and GMAC have a practice of maliciously, willfully, recklessly, wantonly, and/or negligently violating, ignoring, and refusing to follow the requirements of the FCRA, FDCPA, ADTPA, federal law and state law.

32. All actions taken by employees, agents, servants, or representatives of any type for Defendants AFNI, ARROW, and GMAC were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

33. The actions of Defendants AFNI, ARROW, and GMAC were malicious, wanton, reckless, intentional or willfull, and performed with either the desire to harm Plaintiffs, and/or with the knowledge that their actions would very likely harm Plaintiffs, and/or that their actions were taken in violation of the law.

34. Defendants AFNI, ARROW, and GMAC have engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports which subjects them to punitive and statutory damages, and all other appropriate measures to punish and deter similar future conduct.

35. The actions, omissions, misrepresentations, and violations of the FCRA, FDCPA, federal law, and state law of Defendants AFNI, ARROW, and GMAC, regarding Plaintiffs'

alleged debts, as described herein, constitute harassment which has resulted in the

negligent and intentional infliction of mental and emotional distress upon Plaintiffs,

proximately causing Plaintiffs to suffer severe mental distress, mental and physical pain,

embarrassment, and humiliation which Plaintiffs will in the future continue to suffer the

same.

36.     Defendants EQUIFAX, EXPERIAN and TRANSUNION have failed and/or refused to

verify the accuracy of the information they have published and continue to publish in

Plaintiffs' credit reports.

37.     The intentional, reckless, and willful violations of the FCRA, federal law and state law of

Defendants EQUIFAX, EXPERIAN and TRANSUNION have resulted in the negligent

and intentional infliction of mental and emotional distress upon Plaintiffs proximately

causing Plaintiffs to suffer severe mental distress, mental and physical pain,

embarrassment, and humiliation which Plaintiffs will in the future continue to suffer the

same.

**COUNT ONE**
**DEFENDANTS AFNI, ARROW, AND GMAC**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692, _et seq._**

38.     Plaintiffs restate and reiterate herein all previous paragraphs.

39.     Defendants attempted to collect a consumer debt allegedly owed by Plaintiffs and the

obligation required Plaintiffs to pay money arising out of transactions for personal,

family, and household purposes.  More specifically, the following actions of Defendants

violated the FDCPA:

a) Falsely attempting to collect a debt, by reporting a balance, when there is no legal right to collect the discharged debt;

b) Taking illegal actions against Plaintiffs;

c) Refusing to properly update the accounts;

d) Failing to show the accounts as being "disputed" by Plaintiffs; and

e) Reporting the invalid debt on Plaintiffs' credit reports.

40. The foregoing acts and omissions were undertaken by Defendants willfully, intentionally, and knowingly as part of their routine debt collection business and/or in gross reckless disregard of the rights of Plaintiffs.

41. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692, *et seq.*

42. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiffs for a declaratory judgment that their conduct violated the FDCPA, and Plaintiffs' actual damages, statutory damages, costs and attorney's fees under 15 U.S.C. 1692k, civil liability [Section 813 of Pub. Law].

## COUNT TWO
### ALL DEFENDANTS
### VIOLATIONS OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT
### ALA. CODE 1975 § 8-19-3, *et seq.*

43. Plaintiffs restate and reiterate herein all previous paragraphs.

44. The conduct described herein has caused actual confusion or misunderstanding as to the source, sponsorship, approval, or certification of services within the scope of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3.

45. Said conduct is generally and specifically within the meaning of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3, *et seq.*, and in the course of business that is prohibited, unfair, and deceptive.

46. The foregoing acts and omissions of Defendants were undertaken by them willfully, intentionally, and knowingly as part of their routine debt collection business, and Plaintiffs relied upon such representations as being lawful, yet such conduct is prohibited.

47. The conduct described herein has tremendous potential to be repeated where other consumers similarly situated will be treated with the same unscrupulous, unethical, unfair and deceptive acts and practices.

48. Defendants' unfair and deceptive acts have proximately caused emotional and actual damages and Defendants are liable to Plaintiffs for such injury.

**COUNT THREE**
**ALL DEFENDANTS**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681, *et seq.***

49. Plaintiffs restate and reiterate herein all previous paragraphs.

50. In the entire course of their actions, Defendants willfully and/or negligently violated the provisions of the FCRA in the following respects:

    a) By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiffs, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports;

    b) By willfully and/or negligently failing to comport with FCRA section 1681i;

    c) Defaming Plaintiffs by publishing to third parties false information regarding

Plaintiffs' creditworthiness;

d)      Invading the privacy of Plaintiffs; and

e)      Failing in their duty to prevent foreseeable injury to Plaintiffs.

51.    The foregoing acts and omissions were undertaken by Defendants willfully, intentionally, and knowingly as part of their routine credit reporting business and/or in gross reckless disregard of the rights of Plaintiffs.

52.    The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FCRA, 15 U.S.C. § 1681, *et seq.*

53.    As a result of the above violations of the FCRA, Defendants are liable to Plaintiffs for a declaratory judgment that Defendants' conduct violated the FCRA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees under the FCRA.

## COUNT FOUR
## DEFENDANTS AFNI, ARROW, AND GMAC
## NEGLIGENT, RECKLESS AND WANTON CONDUCT

54.    Plaintiffs restate and reiterate herein all previous paragraphs.

55.    Defendants' acts, as described herein, were done so negligently and without care or concern for the well-being of Plaintiffs.

56.    As a proximate consequence of Defendants' negligence, Plaintiffs have been caused to suffer severe emotional and mental distress.

57.    As a result of the Defendants' unlawful acts, Defendants are liable to Plaintiffs for actual, compensatory, and punitive damages, and costs and attorney's fees.

## COUNT FIVE
## DEFENDANTS AFNI, ARROW, AND GMAC
## HARASSMENT

58.   Plaintiffs restate and reiterate herein all previous paragraphs.

59.   Defendants' acts, as described herein, were done so intentionally, maliciously, and

willfully, and without care or concern for Plaintiffs' well being.  Defendants' harassing

collection tactics created a hostile environment for Plaintiffs.

60.   Defendants wrongfully exploited Plaintiffs in an attempt to coerce them into paying the

alleged debts.

61.   Defendants' communications to Plaintiffs were offensive and harassing.

62.   As a proximate consequence of Defendants' harassment, Plaintiffs have been

embarrassed, offended, humiliated, emotionally distressed, and forced to hire the services

of an attorney.

## COUNT SIX
## DEFENDANTS AFNI, ARROW, AND GMAC
## INVASION OF PRIVACY

63.   Plaintiffs restate and reiterate herein all previous paragraphs.

64.   Defendants' conduct, as described herein, constitutes an invasion of Plaintiffs' privacy in

that it intrudes into Plaintiffs' private lives, publishes private facts regarding Plaintiffs,

and places Plaintiffs in a false light in the eyes of those to whom the publications are

made.

65.   As a direct and proximate consequence of Defendants' acts of invading Plaintiffs'

privacy, Plaintiffs have been injured in that Plaintiffs have been caused to suffer severe

embarrassment, humiliation, and mental and emotional distress.

## COUNT SEVEN
## DEFENDANTS AFNI, ARROW, AND GMAC
## DEFAMATION

66. Plaintiffs restate and reiterate herein all previous paragraphs.

67. Defendants published false information about Plaintiffs by reporting to one or more of the CRAs either a false account or balance.

68. Each time the credit reports of Plaintiffs were accessed, a new publication occurred, which was the result intended by Defendants.

69. Plaintiffs allege that the publications and defamations were done maliciously, without privilege, and with a willful intent to injure Plaintiffs.

70. As a direct and proximate consequence of Defendants' acts of defamation, Plaintiffs have been injured in that Plaintiffs have been caused to suffer severe embarrassment, humiliation, and mental and emotional distress.

## COUNT EIGHT
## DEFENDANTS AFNI, ARROW, AND GMAC
## MISREPRESENTATION

71. Plaintiffs restate and reiterate herein all previous paragraphs.

72. Defendants intentionally, maliciously, recklessly and/or negligently misrepresented material facts in that they have falsely represented that Plaintiffs owe money to that Defendant.

73. Defendants intend that those who review the credit reports of Plaintiffs will rely upon the misrepresentations and suppressions of material facts related to the balances owed and the lack of indication that the accounts were discharged in bankruptcy.

74. Defendants have intended that the justifiable and reasonable reliance by others would adversely affect Plaintiffs.

75. As a direct and proximate consequence of Defendants' acts of misrepresentation, Plaintiffs have been injured in that they have been caused to suffer severe embarrassment, humiliation, and mental and emotional distress.

## DECLARATORY AND INJUNCTIVE RELIEF

76. Plaintiffs restate and reiterate herein all previous paragraphs.

77. A dispute exists as to whether Defendants have violated the FDCPA, FCRA, Alabama Deceptive Trade Practices Act, federal law and state law.

78. Plaintiffs are entitled to injunctive relief, a declaratory judgment and a determination that Defendants violated the FDCPA, FCRA, Alabama Deceptive Trade Practices Act, federal law, and state law, and Plaintiffs are similarly entitled to an order enjoining said acts.

79. As a result of Defendants' actions, omissions and violations, Plaintiffs are entitled to actual, compensatory, statutory and/or punitive damages, reasonable attorney's fees, and all costs for time lost at work and litigating this matter.

80. Defendants' actions, omissions, and violations as alleged herein constitute the negligent and intentional infliction of mental and emotional distress upon Plaintiffs, proximately causing them to suffer great mental distress, mental and physical pain, embarrassment, humiliation, and will in the future to continue to suffer the same.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully prays that judgment be entered against each and every Defendant, jointly and severally, by this Court for the following:

a)     Enter injunctive and corresponding declaratory relief establishing the foregoing conduct of Defendants to be unlawful, enjoining Defendants from continuing to engage in such conduct, and granting such additional equitable relief as may be appropriate;

b)     Award Plaintiffs actual damages;

c)     Award Plaintiffs punitive damages;

d)     Award Plaintiffs state and federal statutory damages;

e)     Award Plaintiffs compensatory damages for mental and emotional distress, humiliation and embarrassment to be determined at trial;

f)     Award Plaintiffs reasonable attorney's fees and costs of this litigation; and

g)     Grant such other and further relief as this Honorable Court deems just and proper.

RESPECTFULLY SUBMITTED this _15th_ day of September, 2008.

K. ANDERSON NELMS (NEL022)
2005 Cobbs Ford Road, Suite 301A
Prattville, AL 36066
Phone: (334) 351-1770
Fax: (334) 351-1774
andynelms@andersonnelms.com
ASB-6972-E63K
*Counsel for Plaintiff*

OF COUNSEL:
Anderson Nelms & Associates, LLC
2005 Cobbs Ford Road, Suite 301A
Prattville, Alabama 36066

**THE DEFENDANTS MAY BE SERVED AT THE FOLLOWING ADDRESSES:**

AFNI, INC.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

ARROW FINANCIAL SERVICES, LLC
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

GMAC BANK
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

EXPERIAN INFORMATION SOLUTIONS, INC.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

EQUIFAX INFORMATION SERVICES, LLC
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

TRANS UNION, LLC
c/o Prentice-Hall Corporation System, Inc.
150 S. Perry Street
Montgomery, Alabama 36104